**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                              Plaintiff,

v.

H&E EQUIPMENT SERVICES, INC.,
                              Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

NATURE OF THE ACTION

      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Kathleen Wooten who was adversely affected by such practices. As alleged with greater particularity below, Defendant discriminated against Ms. Wooten on the basis of her gender when it failed to promote her to the position of Rental Manager and then terminated her employment. In addition, Defendant retaliated against Ms. Wooten after she complained of discrimination.

JURISDICTION AND VENUE

      1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a), 704, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-

2(a), 2000e-3, 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Colorado.

3. More than thirty days prior to the institution of this lawsuit, on May 22, 2008, Ms. Wooten filed a charge with the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleging violations of Title VII by Defendant.

4. On May 27, 2008, Defendant was notified of Ms. Wooten's Charge of Discrimination and was provided a copy of the charge.

5. On July 22, 2011, the EEOC issued a Determination finding that Respondent discriminated against Ms. Wooten on the basis of her gender and retaliated against her when it laid her off.

6. On July 22, 2011, the EEOC invited the parties to resolve the case through its conciliation process.

7. On August 16, 2011, Defendant informed the EEOC that it was not interested in conciliation.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

9. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

10. At all relevant times, Defendant, H&E Equipment Services, Inc. ("H&E" "Defendant" or "Employer"), a Delaware Corporation, has continuously been doing business in the State of Colorado, and has continuously had at least 15 employees.

11. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

12. Kathleen Wooten, who is female, was hired by H&E in June 2006 to work in the rental department at its Henderson, Colorado location.

13. Ms. Wooten was hired into the Rental Coordinator position.

14. On or about October 1, 2007, Mark Pringle began working at the Henderson, Colorado location as the Branch Manager.

15. At approximately the same time that Mr. Pringle was hired as the Branch Manager, the Rental Manager quit his position.

16. At approximately the same time, the Rental Dispatcher also quit his position.

17. Ms. Wooten told Mr. Pringle that she was interested in the Rental Manager position.

18. Mr. Pringle told Ms. Wooten that the fleet levels in Denver were not sufficiently large to maintain a Rental Manager.

19. Ms. Wooten, however, was offered a promotion to Rental Supervisor and received a raise.

20. In early November 2007, Ms. Wooten hired a new employee as the Rental Coordinator and Dispatcher, Forrest Klarner.

21. In early December 2007, Mr. Pringle offered Mr. Klarner the Rental Manager position.

22. Mr. Pringle told Mr. Klarner that Ms. Wooten was a "good supervisor," but "she would never be a manager under him because he felt that with her being a woman she could not be a manager in the construction business."

23. Mr. Klarner did not believe he was qualified for the Rental Manager position.

24. Mr. Klarner turned down the offer to be promoted to Rental Manager.

25. Mr. Klarner told Ms. Wooten that Mr. Pringle offered him the Rental Manager position.

26. Mr. Klarner also told Mr. Wooten about Mr. Pringle's comments about refusing to hire a woman as a manager.

27. On December 7, 2007, Ms. Wooten complained to the Regional Rental Manager, Marlene Burnham, about the gender discrimination.

28. Ms. Wooten again complained about the gender discrimination on January 9, 2008.

29. On March 18, 2008, Mr. Pringle informed Wooten that she was being laid off.

30. Ms. Wooten was replaced by a male employee.

**CLAIM FOR RELIEF**
[Failure to Promote – 42 U.S.C. § 2000e-2(a)]

31. The allegations contained in paragraphs 1 through 30 are hereby incorporated by reference.

32.   Since at least 2008, Defendant engaged in unlawful employment practices in Denver, Colorado, in violation of Section 2000e-2(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it failed to promoted Ms. Wooten to the position of Rental Manager because she is female.

33.   Kathleen Wooten is female.

34.   Ms. Wooten was qualified for the position of Rental Manager.

35.   Ms. Wooten requested a promotion to the Rental Manager position.

36.   After Ms. Wooten applied for the position of Rental Manger, the position remained open.

37.   Defendant offered the Rental Manager position to a less-qualified male employee.

38.   As a result of the events and actions described above, Ms. Wooten was deprived of equal employment opportunities, suffered damages, including back pay, front pay, future pecuniary losses, emotional distress, and was otherwise adversely affected as an employee, because of her sex.

39.   The unlawful employment practices described above were intentional acts.

40.   The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Wooten.

**CLAIM FOR RELIEF**
[Gender-Based Termination – 42 U.S.C. § 2000e-2(a)]

41.   The allegations contained in paragraphs 1 through 40 are hereby incorporated by reference.

42.   Defendant engaged in unlawful employment practices in Denver, Colorado, in violation of Section 2000e-2(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it terminated Ms. Wooten's employment.

43. Ms. Wooten was satisfactorily performing her position.

44. On March 18, 2008, Ms. Wooten's employment was terminated.

45. Ms. Wooten was replaced by a male employee.

46. As a result of Defendant's unlawful retaliation, Ms. Wooten suffered damages, including but not limited to back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in amounts subject to proof.

47. The unlawful employment practices described above were intentional acts.

48. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Ms. Wooten.

## CLAIM FOR RELIEF
[Termination in Retaliation for Engaging in Protected Activity – 42 U.S.C. § 2000e-2(a)]

49. The allegations contained in paragraphs 1 through 48 are hereby incorporated by reference.

50. Defendant engaged in unlawful employment practices in Denver, Colorado, in violation of Section 2000e-3 of Title VII, 42 U.S.C. § 2000e-2(a) when it terminated Ms. Wooten's employment.

51. During her employment with Defendant, Ms. Wooten engaged in protected activity under §704 of Title VII, 42 U.S.C. §2000e-4(a), by opposing what she reasonably believed was an unlawful discriminatory employment practice based on gender.

52. Defendant, acting through its managers and supervisors, retaliated against Ms. Wooten because of her protected activity when it terminated her employment.

6

53. As a result of Defendant's unlawful retaliation, Ms. Wooten suffered damages, including but not limited to back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in amounts subject to proof.

54. The unlawful employment practices complained of above were and are intentional.

55. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful gender discrimination and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for employees who oppose discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Wooten, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and promotion of Ms. Wooten, or awarding Ms. Wooten front-pay as appropriate.

D. Order Defendant to make whole Ms. Wooten by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

I. Order Defendant to pay Ms. Wooten punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
131 M Street, N.E.
Washington, DC   20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

RITA KITTLE
Supervisory Trial Attorney

*s/ Sean Ratliff*
SEAN RATIFF
Trial Attorney
(303) 866-1370
sean.ratliff@eeoc.gov

        *s/ Stephanie Struble*
        STEPHANIE STRUBLE
        Senior Trial Attorney
        (303) 866-1381
        stephanie.struble@eeoc.gov

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Denver Field Office
        303 East 17th Avenue, Suite 410
        Denver, CO   80203
        FAX (303) 866-1375

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the General Counsel in Washington, D.C.